**UNITED STATES BANKRUPTCY COURT**
**Southern District of Florida  www.flsb.uscourts.gov**
**Chapter 13 Plan (Individual Adjustment of Debts)**

☐ ____ Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
☒ __3rd__ Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

Debtor: **Daphnee LaFontant**           Joint Debtor: _____           Case No: **14-35802**
Last Four Digits of SS#**5397**_____           Last Four Digits of SS# _____

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for a period of **60** months: In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:

A. **$2,352.11** for months **1** to **13**;
B. **$7,739.64** for months **14** to **14**;
C. **$487.64** for months **15** to **60**; in order to pay the following creditors:

Administrative: Attorney's Fee   $ **3,500.00**    (Base Legal Fees)
                Motion to Strip  $   **775.00**    (Motion to Value HOA)
                Motion           $   **525.00**    (Motion to Modify)
                MMM              $ **2,600.00**
                Total Fees:      $ **7,400.00**
                TOTAL PAID       $ **1,840.00**
                Balance Due:     $ **5,560.00** payable $**387.30**/month (Months **1** to **13**) then $**525.00**/month (Months **14** to **14**)

Secured Creditors: [Retain Liens pursuant to 11 U.S.C. § 1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

1. **BSI Financial Services**           MMM payment **$1,673.38**/month (Months **1** to **13**)
   **314 S. Franklin Street**           TPP payment **$3,519.07**/month (Months **14** to **14** )
   **Titusville, PA 16354**             TPP payment **$0.00**/month (Months **15** to **60** )

   Acct #:  371689032                   31% payment has been reduced by HOA monthly assessment

2. **Pembroke Shores Community Assoc**
   **13790 NW 4th Street, Ste 107**
   **Sunrise, FL 33325**                Arrearage on Petition Date **$0.00**
                                        Regular Payment **$100.59**/month (Months **1** to **13** )
   Acct #:  15961 SW 3 St               Regular Payment **$127.48**/month (Months **14** to **60** )

3. **Internal Revenue Service**
   **P.O. Box 7317**
   **Philadelphia, PA 19101-7317**      Arrearage on Petition Date **$7,440.00 + 3% = $8,021.40**
                                        Payment **$58.47**/month (Months **1** to **13**)
   Acct #:  5397                        Payment **$154.49**/month (Months **14** to **60** )

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 AND LR 3015-3.**

| Secured Creditor | Description of Collateral and | Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|---|
| **Pembroke Shores Comm Assoc** **13790 NW 4 Street, #107** **Sunrise, FL 33325** Acct #:  Unk | **Homestead property located at:** **15961 SW 3rd Street** **Pembroke Pines, FL 33027** | $364,550 | 0.00% | $0.00 | 1-60 | $0.00 |

Priority Creditors: [as defined in 11 U.S.C. §507]

1. **IRS**_____       Total Due $**5,680.36**
   **P.O. Box 7317**                    Payable $**55.26**/month (Months **1** to **13** )
   **Philadelphia, PA 19101-7317**      Payable $**2,600.00**/month (Months **14** to **14** )
                                        Payable $**51.34**/month (Months **15** to **60** )
   Acct #:  5397

<u>Unsecured Creditors:</u> Pay $**110.00**/month (Months **14** to **60**)

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

Other Provisions Not Included Above:

1. Debtor is surrendering the 2007 BMW 335i to creditor InnovateIn (Acct # 9369)

2. MMM Language:

"The Debtor has filed a Verified Motion for Referral to LMM with _BSI Financial_ ("Lender"), loan number _371689032_, for real property located at _15961 SW 3rd Street, Pembroke Pines, FL 33027_. The parties shall timely comply with all requirements of the Order of Referral to LMM and all Administrative Orders/Local Rules regarding LMM. While the LMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the Debtor has included a post-petition plan payment, absent Court order to the contrary, of no less than 31% of the Debtor's gross monthly income as a good faith adequate protection payment to the Lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the Lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the Lender.

Until the LMM is completed and the Final Report of Loss Mitigation Mediator is filed, any objection to the Lender's Proof of Claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the Proof of Claim only. The Debtor shall assert any and all other objections to the Proof of Claim prior to confirmation of the plan or modified plan.

If the Debtor, co-obligor/co-borrower or other third party (if applicable) and the Lender agree to a settlement as a result of the pending LMM, the Debtor will file a Motion to Approve Loss Mitigation Agreement with Lender no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the Debtor shall immediately amend or modify the plan to reflect the settlement and the Lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the Debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.   In the event the Debtor receives any financial benefit from the Lender as part of any agreement, the Debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the Lender and the Debtor fail to reach a settlement, then no later than 14 calendar days after the Mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the Lender's Proof of Claim (if the Lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the Lender will be considered "treated outside the plan" and the Lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, Lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the Lender has to address payment of its Proof of Claim."

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| | |
|---|---|
| */s/ Daphnee LaFontant* | */s/* |
| Debtor | Joint Debtor |
| Date: **December 31, 2015** | Date: |

LF-31 (rev. 01/08/10)